UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
**JUDITH MAYSONET** and **ANTHONY McFARLANE**,
as Parents and Natural Guardians of **A.M.**, and
**JUDITH MAYSONET** and **ANTHONY McFARLANE**,
Individually,

                    Plaintiffs,

     -against-

**NEW YORK CITY DEPARTMENT OF
EDUCATION**

                    Defendant.
-----------------------------------------------------------------------X

                           **COMPLAINT**

                          22-cv- 1685

      Plaintiffs JUDITH MAYSONET and ANTHONY McFARLANE, as Parents and Natural

Guardians of A.M.,[1] and JUDITH MAYSONET and ANTHONY McFARLANE, Individually,

as and for their Complaint against Defendant NEW YORK CITY DEPARTMENT OF

EDUCATION ("DOE"), allege as follows:

## PRELIMINARY STATEMENT

1.    The Individuals with Disabilities Education Act ("IDEA") offers federal funds to States in

      exchange for a commitment to furnish a "free appropriate public education" (FAPE) to all

      children with physical and/or intellectual disabilities. See 20 U.S.C. §1400(3)(A)(i) (listing

      covered disabilities).

2.    As defined in the Act, a FAPE comprises special education and related services—instruction

      tailored to meet a child's unique needs and supportive services sufficient to permit a child

      to benefit from the instruction. 20 U.S.C. § 1401 (26) and (29).

---

[1] Although the full name of the Parent is used in the Complaint herein, under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232(g) (and 34 C.F.R. Part 99), Plaintiffs use the initials of the Student to protect the Student's privacy.

3.     An eligible child acquires a substantive right to such an education once a State accepts the IDEA's financial assistance from the Federal Government.

4.     Under the IDEA, an Individualized Education Program ("IEP") serves as the primary vehicle for providing a child with the promised FAPE.

5.     Plaintiffs seek *de novo* review of that portion of Decision No. 21-189 issued by State Review Officer ("SRO") Steven Krolak on October 28, 2021, which reduced Plaintiffs' award by twenty percent (20%).

6.     Plaintiffs seek an Order reversing and/or vacating the SRO's finding that the equities did not fully favor the Plaintiffs, thus resulting in an award reduced by twenty percent (20%), especially for the period between July 9, 2018, through September 16, 2018.

7.     Plaintiffs are aggrieved parties relative to those portions of SRO Decision No. 21-189, which reduced Plaintiffs' award for tuition and related services funding/reimbursement, including special transportation, by twenty percent (20%), and more specifically, the SRO's adverse findings and rulings therein that resulted in the reduction of Plaintiffs' award.

8.     Plaintiffs, as prevailing parties in the administrative proceedings generally, also seek an Order requiring DOE to, among other things, fully comply with the final administrative order in this matter, SRO Decision No. 21-189, which ordered DOE to fund 80% of the cost of A.M.'s placement at the International Institute for the Brain ("iBRAIN"), including related services and special transportation.

9.     Plaintiffs JUDITH MAYSONET and ANTHONY McFARLANE are the Parents of a disabled child, A.M., who was denied access to a FAPE during the 2018-2019 school year by Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE").

10. Plaintiffs seek reimbursement in the form of direct payment to A.M.'s private school for their appropriate unilateral placement thereat.

11. This Complaint is filed under IDEA, *supra,* New York State's implementing laws and regulations, 8 N.Y.C.R.R. § 200 *et seq.,* and Article 89 of the New York Education Law, N.Y. EDUC. LAW§ 4401 (McKinney) *et seq.,* and applicable case law and public policy.

## JURISDICTION AND VENUE

12. The instant case arises under a federal statute, the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.,* and the United States Department of Education regulations promulgated under authority granted by statute. 34 C.F.R. Part 300.

13. Jurisdiction of the United States District Court for the Southern District of New York is invoked under 20 U.S.C. § 1415(i)(2), providing for jurisdiction and a right of action in this Court for a party "aggrieved by the findings and decision" of an impartial due process hearing.

14. Jurisdiction is also conferred by 28 U.S.C. § 1331, providing for jurisdiction of all civil actions arising under the laws of the United States.

15. Jurisdiction is also proper under 42 U.S.C. § 1983 as Defendant acted under color of law.

16. To the extent, if any, that this case involves questions of special education rights under New York State law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

17. This Court may order declaratory and injunctive relief under 28 U.S.C. § 2201 and 2202.

18. The Court also has pendent jurisdiction to adjudicate any state claims, which may arise out of the same facts as the federal claims asserted herein under 28 U.S.C. § 1367.

19. The venue is proper in the United States District Court of the Southern District of New York, as authorized by 29 U.S.C. § 1391.

20. The Plaintiffs herein seek an award of reasonable attorneys' fees as part of the costs that

may be awarded to the Parent of a child with a disability as a "prevailing party" in the underlying administrative proceedings conducted under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(l)(i).

## THE PARTIES

21. Plaintiff A.M. was eight and a half years old during the 2018-2019 extended school year.

22. Plaintiff A.M. is a minor.

23. A.M. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

24. A.M. is entitled to receive a FAPE and related services from Defendant DOE.

25. Plaintiffs JUDITH MAYSONET and ANTHONY MCFARLANE are A.M's Parents and Natural Guardians.

26. Plaintiffs resided in the City of New York at all relevant times herein.

27. A.M. is not expressly named within this Complaint because of privacy provisions in the IDEA and the Family Education Rights Privacy Act ("FERPA"). 20 U.S.C. § 1232.

28. Defendant New York City Department of Education is and was at all material times, a corporate body created under Article 52 of the New York State Education Law, CLS Educ. Law § 2550 *et seq.* that manages and controls the educational affairs of the New York City Public Schools.

29. Defendant New York City Department of Education is the local educational authority ("LEA") defined by 20 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing A.M. with a FAPE.

30. New York State and DOE have established policies and procedures, both written and informal, concerning the IDEA's implementation.

31. DOE receives federal funding under the IDEA. 20 U.S.C. § 1412.

32. Because DOE receives funding under the IDEA, it must comply with the statute's

provisions. 20 U.S.C. § 1412.

33. Defendant's principal place of business is located at 52 Chambers Street, in the County and State of New York.

34. The New York City Department of Education's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, NY 11201.

35. Plaintiffs reside in Defendant's school district.

36. DOE is responsible for providing a FAPE to all students with disabilities, including A.M., who reside in Defendant's school district under statutory rights arising under IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by New York State, to the extent such regulations are not inconsistent with the IDEA.

## **FACTUAL ALLEGATIONS**

37. Plaintiffs bring this action under the IDEA to recover the costs of A.M.'s placement at the International Institute for the Brain ("iBRAIN") for the 2018-2019 extended school year, specifically, for the period between July 9, 2018, and September 16, 2018.

38. Congress enacted the IDEA to ensure that all students with disabilities, like A.M., have meaningful access to public education.

39. States who participate in the IDEA receive substantial federal funds in exchange for their agreement to provide a FAPE to all disabled children in the State and comply with IDEA's procedural and substantive mandates.

40. In return for receiving the federal funds, each State waives its privileges of sovereign immunity of the Eleventh Amendment.

41. New York State has chosen to participate in the IDEA framework and has established procedures for providing special education services to children with disabilities, as

outlined in N.Y. Educ. Law§ 4401 *et seq.*

42. Upon information and belief, the New York City Department of Education receives money under IDEA Part B based on the "child-count" method, which allows the LEA to claim a specific amount of money per student with a qualifying disability.

43. Upon information and belief, DOE has received IDEA Part B funds earmarked for A.M.'s education relative to the 2018-2019 extended school year.

44. DOE has not funded the specific portion of A.M.'s education at iBRAIN for the 2018-2019 extended school year between July 9, 2018, through September 16, 2018.

45. The IDEA explicitly requires the DOE to fund A.M.'s education.

46. The primary mechanism for ensuring implementation of the IDEA's mandate of a FAPE is the IEP, as defined by 20 U.S.C. § 1401 (14), §1414(d).

47. An IEP is a written statement prepared by the LEA for every child with a disability, which sets forth the special education and related services, supplementary aids and services, and program modifications or supports to be provided to the child, or on behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives.

48. A.M. has a diagnosis of seizure disorder, cerebral palsy, cortical visual impairment, developmental delays, severe hearing impairment in her left ear, and is legally blind.

49. As a result of A.M.'s medical diagnoses, she has severe impairments in the following areas: cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem-solving, information processing, and speech. These impairments adversely affect her educational abilities and performance.

50. A.M. is nonverbal and non-ambulatory, has highly intensive management needs, and requires a high degree of individualized attention and instruction.

51. A.M. can communicate using vocalizations, verbal approximations, sign-language, a speech-generating Auxiliary augmentative communication ("AAC") device, and a variety of nonverbal means (eye-gaze, reaching for symbols or desired objects, and facial expressions).

52. A.M. requires 1:1 supervision and assistance for all basic activities of daily living (i.e., grooming, toileting, feeding, dressing, etc.), and during all transitions to and from therapy and transportation.

53. A.M. requires special education and related services to accommodate these disabilities so that she can receive a FAPE.

54. For the 2018-2019 extended school year, A.M. was enrolled at iBRAIN, a private special education school in New York City dedicated to meeting the needs of children with brain-based injuries.

55. iBRAIN employs specialized teachers, nurses, and therapists to provide extended school day and extended school year care and education to children with brain injuries.

56. During the 2018-2019 extended school year, A.M. attended iBRAIN and received individualized instruction for her academic and related services.

57. During the 2018-2019 extended school year, A.M. was placed in an 8:1:1 class with a 1:1 paraprofessional and received related services for an extended school day.

58. On June 4, 2018, the CSE met with Parents-Plaintiffs to formulate an IEP for A.M. for the 2018-2019 extended school year.

59. Plaintiffs disagreed with DOE's proposed educational placement for A.M. as recommended in the IEP formulated on June 4, 2018.

60. On June 21, 2018, Plaintiffs sent a 10-Day Notice to the DOE, advising that she intended to enroll A.M. at iBRAIN and seek public funding for the placement because DOE failed

to recommend a program that could meet A.M.'s highly intensive management needs.

61. Plaintiffs re-enrolled A.M. at iBRAIN for the 2018-2019 extended school year.

62. The costs for iBRAIN for the 2018-2019 extended school year included the cost of an individual health paraprofessional and academic programming; it did not include the cost of transportation, related services, and/or assistive technology devices.

63. The tuition at iBRAIN for the 2018-2019 extended school year was reasonable relative to A.M.'s services.

64. The educational program at iBRAIN for the 2018-2019 extended school year was individually tailored to A.M.'s particular needs.

65. On July 9, 2018, Plaintiffs filed a Due Process Complaint ("DPC") with DOE, thereby initiating an administrative Due Process Proceeding to secure funding for iBRAIN tuition and other relief under the IDEA. 20 U.S.C. § 1415(f) and N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

66. In their DPC, Plaintiffs alleged, *inter alia,* that DOE denied A.M. a FAPE for the 2018-2019 extended school year, that iBRAIN was an appropriate unliteral placement for A.M. and that equities favored Plaintiffs' request that DOE fund A.M.'s placement. 20 U.S.C. § 1415(i) *et seq.;* N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[2]

67. The DPC was assigned Impartial Hearing Officer Case No. 175153.

68. On January 30, 2019, Impartial Hearing Officer ("IHO") Martin J. Kehoe, III was appointed to conduct the hearing in IHO Case No. 175153.

69. On July 9, 2019, ***at the start of the following school year***, IHO Kehoe issued a Pendency

---

[2] A board of education may be required to reimburse parents for their expenditures for private educational services obtained for a student if the services offered by the board of education were inadequate or inappropriate ("Prong I"); the services selected by the parents were appropriate ("Prong II"); and equitable considerations support the parents' claim. ("Prong III"); *See Florence Cty. Sch. Dist. Four v. Carter By & Through Carter,* 510 U.S. 7, 114 S. Ct. 361, 126 L. Ed. 2d 284 (1993); *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.,* 471 U.S. 359, 369–70, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985).

Order on Consent in the impartial hearing relative to IHO Case No. 175153.

70. On July 28, 2021, ***more than three years after Plaintiffs' filed the DPC in IHO Case No. 175153***, IHO Kehoe issued a Findings of Fact and Decision ("FOFD") relative thereto, which found that DOE "candidly conceded" that it denied A.M. a FAPE for the 2018-2019 school year.

71. IHO Kehoe found that iBRAIN was an appropriate unilateral placement for A.M. during the 2018-2019 extended school year.

72. However, IHO Kehoe found that equitable considerations did not warrant total funding/reimbursement for the cost of A.M.'s placement at iBRAIN, particularly during the portion of the 2018-2019 extended school year when A.M.'s vision services were not fully implemented.

73. As a result, IHO Kehoe determined that the parties would share equally in the costs for the period between July 9, 2018, and September 16, 2018.

74. By Request for Review ("RFR") dated September 7, 2021, Plaintiffs appealed IHO Kehoe's FOFD to the New York State Education Department's Office of State Review.

75. On August 13, 2021, State Review Officer ("SRO") Steven Krolak issued SRO Decision No. 21-189 relative to the Plaintiffs' appeal. A copy of SRO Krolak's Decision 21-189 is attached hereto as **EXHIBIT 1.**

76. SRO Krolak upheld IHO Kehoe's finding that DOE failed to offer A.M. a FAPE for the 2018-2019 extended school year.

77. SRO Krolak upheld IHO Kehoe's determination that iBRAIN was an appropriate unilateral placement for A.M. during the 2018-2019 extended school year.

78. SRO Krolak refused to "disturb the IHO's equitable reduction" of the Plaintiffs' award "because, as the district assert[ed], there [were] other equitable considerations that support[ed]

a reduction in reimbursement." **EXHIBIT 1**, p. 13.

79.   SRO Krolak determined that Plaintiffs' failure to attend the IEP meeting supported a reduction in reimbursement for the period in question by twenty percent (20%).

80.   SRO Krolak determined that failure on behalf of the Student's private school at the IEP meeting also supported the determination that a twenty percent (20%) reduction in reimbursement was appropriate.

81.   SRO Krolak wrongfully refused to "disturb the IHO's equitable reduction" of the Plaintiffs' award "because, as the district assert[ed], there [were] other equitable considerations that support[ed] a reduction in reimbursement." **EXHIBIT 1**, p. 13.

82.   SRO Krolak erroneously determined that Plaintiffs' failure to attend the IEP meeting supported a reduction in reimbursement for the period in question by twenty percent (20%).

83.   SRO Krolak erroneously determined that failure on behalf of the Student's private school at the IEP meeting also supported the determination that a twenty percent (20%) reduction in reimbursement was appropriate.

84.   In support of his determination, SRO Krolak cites *Donohue v. New York City Dept. of Educ.*, 2021 WL 4481344, at *11 (S.D.N.Y. 2021), "upholding an SRO's decision to reduce tuition reimbursement by 25 percent under similar, ***although slightly more egregious, circumstances.***" **EXHIBIT 1,** p. 14.

85.   SRO Krolak correctly upheld IHO Kehoe's determination concerning the denial of FAPE.

86.   SRO Krolak correctly held that DOE had denied A.M. a FAPE for the 2018-2019 extended school year.

87.   SRO Krolak correctly upheld IHO Kehoe's determination that iBRAIN was a proper unilateral placement for A.M. during the 2018-2019 extended school year.

88.   SRO Krolak correctly held that iBRAIN was a proper unilateral placement for A.M. during the 2018-2019 extended school year.

89.   SRO Krolak erred by failing to find that the equities fully favored the Plaintiffs' request for relief – direct funding/reimbursement for A.M.'s tuition/related services for the 2018-2019 school year.

90.   SRO Krolak erred by reducing the Plaintiffs' award by twenty percent (20%).

91.   SRO Krolak erred by examining "Prong III" concerning equitable considerations under an inappropriate legal standard.

92.   SRO Krolak erred by finding that Plaintiffs' failure to participate in the IEP meeting warranted a reduction of Plaintiffs' award by twenty percent (20%).

93.   SRO Krolak erred by failing to order reimbursement in the form of direct payment to A.M.'s private school and related services providers, including A.M.'s special transportation provider, for the 2018-2019 extended school year and more specifically for the period between July 9, 2018, and September 16, 2018.

94.   SRO Krolak erred by entertaining DOE arguments regarding equitable considerations, especially after SRO Krolak upheld that DOE "candidly conceded" that it had denied A.M. a FAPE for the 2018-2019 extended school year. EXHIBIT 1, p. 8.

95.   SRO Krolak erred by considering these arguments, as such arguments should have been raised when DOE presented its "Prong I" case if it were going to defend its IEP because Plaintiffs had failed to cooperate, thus resulting in the inability to formulate an appropriate educational program.

96.   SRO Krolak also erred by holding that Plaintiffs' financial ability or inability to pay tuition and other related expenses "up-front" has a bearing on whether reimbursement is appropriate.

97. SRO Krolak erred by citing other SRO decisions to support the holding that Plaintiffs bear the burden of production and persuasion concerning whether they had the financial resources to "front" the costs of the services. **EXHIBIT 1,** p. 15.

98. Under this erroneous application of the law, SRO Krolak reversed IHO Kehoe's holding that required DOE to fund A.M.'s tuition directly. **EXHIBIT 1,** p. 15.

99. The instant federal action is an appeal of SRO Decision No. 21-189.

100. SRO Decision No. 21-189 is contrary to the evidence and the law. As a result, A.M. has been denied a FAPE by DOE and due process by the SRO.

101. SRO Krolak's decision in Appeal No. 21-189 is defective because it relies on an erroneous application of the IDEA, relevant case law, New York State Education Law, and erroneous findings of fact.

102. Such a finding has a disparate impact upon disabled students entitled to funding under the IDEA, as it favors those who can afford private school tuition in the first instance and wait for reimbursement.

103. Under the SRO's erroneous holding, unless and until the Plaintiffs pay tuition, DOE evades its responsibilities under the IDEA and New York State Constitution to provide A.M. a FAPE and receives a windfall of IDEA Part B funds - those funds earmarked for A.M.

104. SRO Krolak cites the holding of *Mr. and Mrs. A, ex rel D.A. v. New York City Department of Education,* as the basis for the finding that the Plaintiffs must show financial inability to pay to receive a direct tuition payment remedy. However, the SRO's holding is directly contrary to the Court's finding in *Mr. and Mrs. A, ex rel D.A.,* as set forth below in pertinent part:

    "Section 1415(i)(2)(C)(iii) authorizes a direct retroactive tuition remedy for

the same reasons that the *Burlington* court found that the Act authorizes a tuition reimbursement remedy. Given the nature of the administrative and judicial review process, parents who request an impartial hearing will rarely, if ever, be able to obtain a ruling prior to the onset of the school year. Accordingly, denying parents the opportunity to seek retroactive relief is tantamount to denying them any relief at all under the Act. Where parents have the financial resources to enroll their child in an appropriate private school, they may do so and seek retroactive reimbursement in a due process hearing. Where, as here, parents lack financial resources to "front" the costs of private school tuition, and in the rare instance where a private school is willing to enroll the Student and take the risk that the parents will not be able to pay tuition or costs-or will take years to do so-parents who satisfy the *Burlington* factors have a right to retroactive direct tuition payment relief."

*Mr. & Mrs. A. ex rel. D.A. v. New York City Dep't of Educ.,* 769 F. Supp. 2d 403,428 (S.D.N.Y. 2011).

105. Direct payment to the private school that provided A.M. with the required educational program in the 2018-2019 extended school year does no more than require the DOE to pay the expenses that it should have paid all along - albeit belatedly - and would have borne in the first instance had it developed a proper IEP.

106. Since DOE denied A.M. a FAPE for the 2018-2019 extended school year, A.M.'s unilateral placement at iBRAIN for the 2018-2019 extended school year was appropriate, and A.M. attended iBRAIN during the 2018-2019 extended school year, there was simply no basis for SRO Krolak to conclude that full, retroactive direct tuition payment was unavailable in this case for the period in question.

107. SRO Krolak's holding was inapposite to the Court's holding in *Mr. and Mrs. A, ex rel D.A. v. New York City Department of Education.*

108. *In Mr. and Mrs. A. ex rel. D.A.,* 769 F. Supp. 2d at 425, the Court cited *Susquenita Sch. Dist. v. Raelee* S. *By & Through Heidi* S., 96 F.3d 78 (3d Cir. 1996) as follows, "The court noted that if such payment were not an available remedy, '[f]amilies without means will be hard- pressed to pay for private education in what will almost invariably be the

significant time lapse between a ruling in their favor and the ultimate close of litigation (internal citation omitted), and that '[t]he prospect of reimbursement at the end of the litigation turnpike is of little consolation to those who cannot afford to pay the toll at the outset." *Id.* at 85.

109. Plaintiffs JUDITH MAYSONET and ANTHONY MCFARLANE are the aggrieved party of the underlying administrative proceedings relative to IHO Case No. 175153 and SRO Decision 21-189 for the 2018-2019 extended school year.

110. On October 28, 2021, SRO Krolak issued SRO Decision No. 21-189, relative to the Plaintiffs' appeal, which incorrectly found that the award is reduced by twenty percent (20%) and that reimbursement be made contingent upon Plaintiffs' proof of payment.

111. DOE has not appealed SRO Decision No. 21-189, or any part thereof, to state or federal court.

112. Notwithstanding the foregoing, the Plaintiffs substantially and materially prevailed in their appeal of IHO Kehoe's FOFD to the SRO as reflected in SRO Decision No. 21-189.

113. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

114. Parents may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

115. Parents are a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

116. In the context of IDEA administrative proceedings, relief ordered by an IHO or SRO alters the legal relationship between the parties.

117. In the context of IDEA proceedings, where an IHO issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

118. On July 28, 2021, IHO Kehoe issued his FOFD in IHO Case No. 175153 in favor of JUDITH MAYSONET and ANTHONY MCFARLANE on all three 'Burlington/Carter' prongs.

119. In IHO Case No. 175153, IHO Kehoe found that DOE denied A.M. a FAPE for the 2018-2019 school year; that iBRAIN was an appropriate placement for A.M.; and that a balancing of the equities favored full funding for A.M.'s placement at iBRAIN for the 2018-2019 extended school year including funding for related services and transportation.

120. IHO Kehoe ordered DOE to fully fund A.M.'s attendance, costs, related services, and special transportation at iBRAIN for the 2018-2019 school year, which was the relief sought by JUDITH MAYSONET and ANTHONY MCFARLANE in the IDEA proceeding.

121. In SRO Decision No. 21-189, SRO Krolak upheld IHO Kehoe's finding that DOE failed to offer A.M. a FAPE for the 2018-2019 extended school year; upheld IHO Kehoe's determination that iBRAIN was an appropriate unilateral placement for A.M. for the 2018-2019 extended school year; and upheld IHO Kehoe's decision to reduce Plaintiffs' reimbursement award based on "equitable considerations." **EXHIBIT 1**, p. 13.

122. SRO Krolak determined that Plaintiffs' failure to attend the IEP meeting and the failure of A.M.'s private school at the IEP meeting warranted the aforementioned reduction.

123. However, SRO Krolak determined that a twenty percent (20%) reduction in reimbursement for the time period in question was appropriate rather than a greater reduction.

124. IHO Kehoe's FOFD and the SRO's Decision altered the legal relationship between DOE and JUDITH MAYSONET and ANTHONY MCFARLANE.

125. JUDITH MAYSONET and ANTHONY MCFARLANE are the prevailing parties in the underlying administrative proceedings for IHO Case No. 175153.

126.  At all times set forth herein, Plaintiffs JUDITH MAYSONET, ANTHONY MCFARLANE and A.M. were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendant under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2018-2019 extended school year.

127.  JUDITH MAYSONET and ANTHONY MCFARLANE are entitled to reasonable attorneys' fees as the prevailing party in IHO Case No. 175153.

128.  Parents-Plaintiffs' law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing the Parents-Plaintiffs in the underlying IDEA proceedings relative to IHO Case No. 175153 and in the commencement and prosecution of the instant action relative to IHO Case No. 175153.

129.  Plaintiffs hereby request an award of reasonable attorneys' fees as the prevailing party in IHO Case No. 175153 in an amount to be provided after filing Plaintiffs Complaint in this matter.

130.  Plaintiffs have neither waived nor abandoned any claims or arguments under the IDEA or state law.

## AS AND FOR A FIRST CAUSE OF ACTION
### *Erroneous Aspects of SRO Decision Should Be Reversed*

131.  Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

132.  SRO Krolak failed to discharge his duties properly as required by the IDEA, 20 U.S.C. § 1401 *et seq.,* the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York Education Law, and the Regulations of the Commissioner of Education, Part 200.

133. SRO Decision No. 21-189 concerning the 2018-2019 extended school year for A.M. should be reversed, in part, for several reasons including, but not limited to the following:

    a. SRO Krolak erroneously denied Plaintiffs an award of direct funding to A.M.'s private school between July 9, 2018, through September 16, 2018;

    b. SRO Krolak erroneously found that Plaintiffs' failure to participate in the IEP meeting supported the reduction of twenty percent (20%) for the period between July 9, 2018, through September 16, 2018;

    c. SRO Krolak erroneously found that because reimbursement was contingent upon proof of payment, Plaintiffs were not entitled to an award of direct, retroactive funding to A.M.'s private school; despite the Plaintiffs' contractual obligation with the private school and the fact that the private school provided A.M. with an appropriate education during the 2018-2019 extended school year—DOE had not.

134. Based on the foregoing, Plaintiffs' rights, and those of their disabled child A.M. were violated under the IDEA, 20 U.S.C. § 1401, *et seq.,* the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner, Part 200.

135. Defendant's actions have caused Plaintiffs' damages.

136. Plaintiffs are entitled to all appropriate relief under IDEA, including the specific remedy of direct funding to A.M.'s private educational provider, iBRAIN, with ancillary and necessary fees, including attorneys' fees.

137. Plaintiffs are entitled to direct funding for tuition and related services under the IDEA for A.M.'s placement at iBRAIN during the 2018-2019 extended school year, specifically for the period between July 9, 2018, through September 16, 2018.

138. Plaintiffs are entitled to direct funding for tuition and related services under the IDEA for A.M.'s placement at iBRAIN during the 2018-2019 extended school year, for the reasons set forth above, including but not limited to the following: 1) Defendant failed

to offer or provide A.M. with a FAPE; 2) iBRAIN was an appropriate unilateral placement for A.M. during the 2018-2019 extended school year because, *inter alia,* A.M.'s educational program at iBRAIN was tailored to meet A.M.'s individual needs, and A.M. made progress at iBRAIN during the 2018-2019 extended school year, and 3) Equities favored full direct funding for the Plaintiffs and A.M. because DOE failed to offer or provide A.M. with a FAPE through no fault of the Plaintiffs, and the cost of iBRAIN during the 2018-2019 extended school year was reasonable relative to the services that A.M. received, particularly those services received from July 9, 2018, through September 16, 2018.

## AS AND FOR A SECOND CAUSE OF ACTION
### *Enforcement of a Final Administrative Order*

139. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

140. DOE's persistent and continued failure to implement final Administrative Orders in IDEA proceedings is notorious.

141. According to a stipulation that DOE entered into as part of the settlement in *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010), DOE is required to implement final IHO orders within thirty-five (35) days.

142. Despite the preceding stipulation, DOE has a well-documented history of failing to implement final administrative Orders in a timely manner.

143. Indeed, due to the continued and ongoing failure of DOE to implement Administrative Orders in a timely manner, Senior U.S. District Court Judge Loretta Preska ordered the appointment of a Special Master to oversee DOE's adherence to the prior stipulation and

timely compliance final administrative Orders. *LV v. New York City Dep't of Educ.*, 03-CV-9917, Dkt. Entry No.

144. Plaintiffs and their disabled Student have been harmed by DOE's failure to implement their final Administrative Order issued in their favor as set forth above, and they will continue to suffer such harm until DOE fully implements the final Administrative Order in accordance with the terms thereof.

145. DOE's failure and/or refusal to implement and/or comply with Plaintiffs' final Administrative Order, which requires DOE to fund Plaintiffs' placement at iBRAIN as set forth therein, has denied and continues to deny, Plaintiffs herein their rights as set forth under the IDEA, 20 U.S.C. § 1401 *et seq*., the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner of Education, Part 200.

## AS AND FOR A THIRD CAUSE OF ACTION
### *42 U.S.C. § 1983*

146. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

147. Plaintiffs' Third Cause of Action is brought under 42 U.S.C. § 1983 as the Defendant herein, acting under color of law, deprived Plaintiffs and their disabled Student their Constitutional and/or otherwise substantial rights, created by, and/or otherwise recognized in, the IDEA and other state and federal laws, statutes, regulations and the like and/or otherwise violated said rights as set forth herein.

148. Defendant, acting under color of law, violated the rights of the Plaintiffs and their disabled Student,  as protected under Section 1983, in that the Defendant: (a) adopted inappropriate policies and procedures pertaining to the implementation of final administrative orders in a

timely manner issued in proceedings brought under the IDEA and applicable state law; (b) failed to abide by existing policies and procedures pertaining to the timely implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law; (c) engaged in a widespread practice that constituted custom or usage pertaining to the timely implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law; (d) failed to supervise and/ or train their employees to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with such employees pertaining to the implementation of final administrative orders in a timely manner issued in proceedings brought under the IDEA and applicable state law, and (e) failed to adopt and implement appropriate policies and procedures and/or to adhere to existing policies pertaining to the timely implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law.

149. Defendant's failure and/or refusal to implement and/or comply with the final administrative Orders issued in proceedings brought under the IDEA in a timely manner as set forth more fully herein, deprived, and continues to deprive, Plaintiffs and their disabled Student of their rights under the IDEA, and the regulations promulgated thereunder, as well as N.Y. Educ. Law § 4404 and 4410 (McKinney), in violation of 42 U.S.C. § 1983.

150. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs and their disabled student have experienced a loss of federally guaranteed rights.

### AS AND FOR A FOURTH CAUSE OF ACTION
*Reasonable Attorneys' Fees as Prevailing Party in the IDEA Proceeding*

151. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

152. In any action or proceeding brought under the IDEA, a court may award reasonable

attorneys' fees as part of the costs to a "prevailing party" who is the parent of a child with a disability (20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(l)(i)).

153. Plaintiffs herein are the prevailing party in their underlying administrative action brought under the IDEA.

154. Plaintiffs are the Parents of a child with a disability, who prevailed in their action/proceeding brought against DOE under the IDEA.

155. Plaintiffs were at all relevant times referenced herein, represented by the Brain Injury Rights Group, Ltd., a non-profit law firm, experienced in, *inter alia,* representing disabled students and their families in administrative and judicial proceedings brought under the IDEA.

156. Plaintiffs, as the prevailing party in their Administrative Proceeding brought under the IDEA, most respectfully seek an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(I).

157. A prevailing party may recover attorneys' fees for work performed on the fee application process.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court:

    (a)    Conduct an independent review of the administrative record;

    (b)    Reverse the October 28, 2021, SRO decision in SRO Appeal No. 21-189 to the extent that the SRO found that Plaintiffs' award warranted a reduction of twenty percent (20%) and grant Plaintiffs' award without any reduction thereto;

    (c)    Reverse the October 28, 2021, SRO decision in SRO Appeal No. 21-189 to the extent that the SRO found that tuition funding/reimbursement be made contingent upon Plaintiffs' proof of payment in the first instance;

    (d)    Declare that equities favor the Parents-Plaintiffs' request for full tuition reimbursement in the form of direct funding/payment to A.M.'s private school placement (iBRAIN) during the 2018-2019 extended school year

and related services provider(s) for related services in the form of special transportation, especially for the period between July 9, 2018, through September 16, 2018;

(e)    Declare that the equities favor 100%, total reimbursement for tuition and related services in the form of direct payment to A.M.'s private school and related services provider(s) for the 2018-2019 school year, including A.M.'s transportation provider;

(f)    Order Defendant to directly fund any costs remaining for A.M.'s private school tuition and related services for the 2018-2019 school year, including A.M.'s transportation;

(g)    Declare Plaintiffs to be the substantially prevailing party for purposes of IDEA's fee-shifting provision;

(h)    Direct Defendant to pay for the costs and expenses of maintaining this action before the IHO and the SRO under 20 U.S.C. § 1415;

(i)    Issue an Order finding that Defendant failed to implement and comply with the final Administrative Order and Decision issued in favor of the Plaintiffs and their disabled Student, as set forth more fully herein, and by doing so, deprived the Plaintiffs and their disabled Student of their rights, as set forth in the IDEA, the regulations promulgated thereunder, as well as New York State Education Law;

(j)    Issue an Order directing Defendant to fully implement and comply with the final Administrative Order and Decision issued in favor of the Plaintiffs and their disabled Student, to fully fund A.M.'s placement at iBRAIN, in accordance with the final Administrative Order/Decision issued in favor of the Plaintiffs;

(k)    Issue an Order finding that Defendant's failure to implement and/or comply with the final Administrative Order and Decision issued in favor of Plaintiffs and Plaintiffs' disabled Student as set forth more fully herein, while acting under color of law, deprived Plaintiffs' and their disabled Student their rights as secured by federal and state law in violation of 42 U.S.C. § 1983;

(l)    Grant Plaintiffs' leave to submit a fee application under the IDEA;

(m)    Direct Defendant to pay for the costs and expenses of maintaining this action, including reasonable attorneys' fees for bringing and maintaining the instant action; and

(n)    Grant such other, further, and different relief as this Court may seem just, proper, and equitable.

Dated:    February 28, 2022
          New York, New York

Respectfully Submitted,
Brain Injury Rights Group, Ltd.
*Attorneys for Plaintiffs*

By:   _____/S/_____
Ashleigh C. Rousseau, Esq. (5801923)
300 East 95th Street, Suite 130
New York, NY 10128
(646) 850-5035
Ashleigh@pabilaw.org