

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

AARON WIENER, ESQ.
*Assistant Corporation Counsel*
*Phone: (212) 356-4362*
*Fax: (212) 356-1148*
*Email: awiener@law.nyc.gov*

April 27, 2022

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Maysonet, et al. v. New York City Department of Education</u>
              22-cv-01685 (LGS) (SLC)

Dear Judge Schofield:

      I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I have been assigned to represent the New York City Department of Education (the "Department") in the above referenced matter. I write jointly on behalf of Plaintiffs and the Department pursuant to Your Honor's Order dated March 18, 2022, at Dkt. 5.

      Plaintiffs bring this action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* (the "IDEA"), seeking the reversal of an administrative decision issued by the New York State Education Department's Office of State Review. Plaintiffs seek tuition funding for Plaintiff A.M.'s attendance at a private school, the International Institute of the Brain, or iBRAIN. State Review Officer ("SRO") Steven Krolak found equitable factors warranted a 20% reduction of the tuition costs and that reimbursement of A.M.'s tuition and related costs, including but not limited to special transportation, was contingent upon proof of payment. The reduction in tuition covers a specific portion of the extended 2018-2019 school year, to wit, the period between July 9, 2018 and September 16, 2018. Plaintiffs assert that the SRO improperly found that the equitable considerations warranted any reduction in reimbursement, and that payment for tuition was contingent upon a showing of proof of payment made by the Plaintiff-Parents, as opposed to direct funding. The Department's principal defenses shall be that the SRO correctly determined that equitable considerations warranted a reduction in funding, and that the SRO decision is both thorough and well-reasoned, and thus entitled to deference.

      Plaintiffs assert that subject-matter jurisdiction lies in this Court on the basis of 28 U.S.C. § 1331, as well as 20 U.S.C. § 1415(i)(2), which provides jurisdiction and a right of action

as a party "aggrieved by the findings and decision" of an impartial due process hearing. Venue in this judicial district is based upon 28 U.S.C. § 1391(b), as the Department's principal place of business is located in New York County. The Department does not dispute that jurisdiction or venue in this Court is appropriate.

Subject matter jurisdiction in this matter is not founded on diversity of citizenship of the parties.

The parties agree that this matter can and should be resolved via summary judgment motions and cross-motions, as is typical in such cases. Plaintiffs' principal position for their motion is that SRO Krolak improperly found that Plaintiffs' failure to attend the 2018-2019 IEP meeting warranted a reduction in award by 20%, and that the award for same be provided upon proof of payment by Plaintiffs. Plaintiffs contend that this holding is contrary to the regulations and case law of this jurisdiction.

In its cross-motion, the Department will argue that the SRO properly determined that the record does not support an award of direct funding and that the equitable considerations weigh against Plaintiffs. First, the SRO properly ordered the Department to reimburse Plaintiffs for tuition for the period of the extended school year from July 9, 2018 through September 16, 2018 upon Plaintiffs' proof of payment instead of through direct payments to iBRAIN. Further, the SRO properly reduced the amount to be reimbursed. The SRO's decision properly found the Plaintiffs impeded the process leading up to the formation of an Individualized Education Plan ("IEP") for Plaintiff A.M., meriting a reduction in the amount claimed. *See C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 840 (2d Cir. 2014) (noting that "important to the equitable consideration is whether the parents obstructed or were uncooperative in the school district's efforts to meet its obligations under the IDEA.") (citation omitted). Here, Plaintiffs obstructed the school district through repeated and belated requests to reschedule meetings of the Committee on Special Education, which was tasked with creating Plaintiff A.M.'s IEP.

There are no pending motions currently before the Court.

No discovery has taken place. The parties do not believe discovery will be necessary, as there is already a record that was developed in the underlying administrative proceedings. Both parties will rely on this record in their summary judgment motions. The parties expect these motions will be fully dispositive of the issues before the Court, and accordingly a trial will not be necessary.

The relief sought by Plaintiffs is direct payment of A.M.'s tuition and related costs, including but not limited to special transportation for the education and related services that A.M. received at iBRAIN from July 9, 2018 through September 16, 2018.

No settlement discussions have taken place. The parties do not request a settlement conference at this time.

As directed in Your Honor's March 18, 2022 Order, a Proposed Civil Case Management Plan and Scheduling Order is appended to this letter.

Thank you for your consideration of this submission.

Respectfully submitted,

/s/ Aaron Wiener
Aaron Wiener, Esq.
Assistant Corporation Counsel
Attorney for the Department of Education

/s/ Ashleigh Rousseau
Ashleigh Rousseau, Esq.
Attorney for Plaintiffs

*Enclosure*