UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JUDITH MAYSONET and ANTHONY McFARLANE,
as Parents and Natural Guardians of A.M., and
JUDITH MAYSONET and ANTHONY McFARLANE,
Individually,

              Plaintiffs,

-against-

NEW YORK CITY
DEPARTMENT OF EDUCATION,

              Defendants.

---------------------------------------------------------------------X

22-cv-01685 (LGS)

**REVISED
JOINT STATEMENT
OF UNDISPUTED FACTS**

Pursuant to this Court's Order on April 28, 2022 [ECF No. 10], the Parties submit the following joint statement of material facts as to which there are no genuine issues to be tried herein:

1. Plaintiffs JUDITH MAYSONET and ANTHONY McFARLANE are the Parents and Natural Guardians of A.M.[1]

2. A.M. was eight years old at the start of the 2018-2019 school year. [R 1175]

3. A.M. has a diagnosis of Acquired Brain Injury, which has caused several impairments such as seizure disorder, cerebral palsy, cortical visual impairment, developmental delays, severe hearing impairment in her left ear, and legal blindness. [*Id.*].

4. On the individualized education program ("IEP") for A.M. for the 2018-19 school year, she was classified as a student with a Traumatic Brain Injury. [R 0027], [R 1175].

5. In the 2018-2019 school year, A.M. was nonverbal, but she could communicate by using vocalizations, verbal approximations, sign language, eye gaze, facial expressions, and her speech-generating alternative and augmentative communication ("ACC") device. [R 1175].

---

[1] Although the full name of the Parent/Plaintiff is used herein, consistent with the Federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g), 34 C.F.R., Part 99 ("FERPA"), the Plaintiffs' counsel is using the initials of the Student to protect the Student's privacy.

6. In the 2018-2019 school year, A.M. was non-ambulatory but could walk with support while wearing knee-ankle-foot orthotics ("KAFO"). [R 1195]

7. A.M.'s iBrain IEP for the 2018-2019 school year states that A.M. exhibits "highly intensive management needs requiring a high degree of individualized attention and intervention to maintain her physical well-being throughout the day." [R 1197].

8. In the 2018-2019 school year, A.M. was classified as a student with a disability and was a resident of New York City, and therefore the DOE was obligated to provide her with a Free Appropriate Public Education ("FAPE") in accordance with the Individuals with Disabilities Education Act ("IDEA").

9. During the 2017-18 school year, A.M. attended the International Academy of Hope ("iHOPE"), a private specialized educational program in New York City that focuses on educating students with brain injuries and brain-based disorders, where she received all her academic and related services with individualized instruction. [R 1047].

10. In an Impartial Hearing regarding A.M.'s 2017-2018 school year (Impartial Hearing Officer (IHO) Case No. 170973), Impartial Hearing Officer ("IHO") Leah Murphy issued a Findings of Fact and Decision ("FOFD"), dated June 5, 2018, which found that (1) the DOE failed to offer A.M. a FAPE; (2) that iHOPE was not an appropriate unilateral placement; and, (3) that equitable considerations favored the district. [R 0044]

11. The Parents appealed IHO Murphy's decision to the New York State Education Department's Office of State Review ("SRO"), and on October 2, 2018, the parties reached a stipulation of settlement to resolve the Due Process Complaint (DPC) for the 2017-2018 school year, in which the DOE agreed to fund A.M.'s placement at iHOPE for that year. [R 0044].

12. On June 4, 2018, the Committee on Special Education ("CSE") convened to formulate A.M.'s 2018-2019 IEP. [R 0008].

13. SRO Krolak found that "testimony from the district's CSE chairperson and documentary evidence establishes that the district contacted the student's parent, as well as the private school the student attended during the 2017-18 school year, on multiple occasions in order to schedule a CSE meeting and obtain information for the development of the student's 2018-19 IEP."[R 0016].

14. On February 14, 2018, the CSE sent a notice to the Parents confirming that a CSE meeting had been scheduled for March 29, 2018, but the meeting did not take place because iHope requested to re-schedule the meeting. [R 0016].

15. On March 1, 2018, the CSE sent a notice to the Parents confirming that a CSE meeting had been scheduled for April 26, 2018, but the Parents informed the CSE that they could not attend that meeting. [R 0016].

16. On April 17, 2018, the CSE sent a notice to the Parents that confirmed that it had canceled the April 26, 2018 meeting at the Parents' requests, that it had not heard back about re-scheduling, and that it had set a new meeting date for May 4, 2018. [R 0016].

17. SRO Krolak found that "the parent wrote a letter to the CSE, dated April 19, 2018, in which she requested a new CSE meeting, to be held at the student's private school with staff from the school, and with the in-person attendance of a district school physician, at any time on a Monday (Tr. Pp. 499; Parent Ex. O). In the letter, the parent stated that once such a CSE meeting was scheduled, she would provide the CSE with the student's 'most recent progress reports and any other documentation for your consideration' (*id.*)." [R 0016].

18. SRO Krolak found that "In a prior written notice, dated April 30, 2018, the CSE responded to the parent's April 19, 2018 request and informed the parent that a new CSE meeting would be scheduled on a Monday per the parent's request with the attendance of a district school physician by telephone, and that although the CSE meeting would not be held at the private

3

school, the private school staff were sent the meeting notice and were welcome to participate (Tr. Pp. 499-500; Dist. Ex. 8)." [R 0016]. The notice also stated, "At this time, CSE 10 cannot agree to [Plaintiff Maysonet's] request to hold this IEP meeting at iHOPE without further information regarding your request." [R 0962].

19. In a separate notice dated April 30, 2018, the CSE informed the Parents and iHope staff that the new CSE meeting had been scheduled for June 4, 2018. [R 0016].

20. SRO Krolak found that "On May 3, 2018, a district social worker telephoned the parent to confirm that she had received notice of the June 2018 CSE meeting, and the parent did so (Tr. pp. 504; Dist. Ex. 19 at p. 8)." [R 0016].

21. SRO Krolak found that "between May 23, 2018, and the day of the June 4, 2018 CSE meeting, three other district CSE members contacted the parent to reminder of the June 4, 2018 CSE meeting and to confirm that the parent would provide the CSE with the private school progress reports (Tr. pp. 504-06; Dist. Ex. 19 at p. 7).

22. SRO Krolak found that "on the day of the June 4, 2018 CSE meeting, district CSE members communicated or attempted to communicate with the student's mother and father as well as staff from the student's private school that she attended during the 2017-18 school year but were unable to secure the attendance of the parent and any additional CSE members (Tr. pp. 506-09; Dist. Ex. 19 at pp. 6-7)." [R 0016-17].

23. SRO Krolak also found that "the CSE went on to develop an IEP for the student after conducting the June 4, 2018 CSE meeting with the CSE members who attended the meeting in-person or via telephone, but the student's parents and the staff from the student's private school did not attend the meeting or provide any input to the CSE meeting (Tr. pp. 508-11; see Dist. Ex. 1, 11). Additionally, the June 2018 CSE did not have any response from the student's nonpublic

school regarding the student's most recent progress reports, although they had been requested on multiple occasions (see Dist. Exs. 1 at pp. 1-6; 19 at pp. 6-9)." [R 0017].

24. The DOE's IEP for A.M. for the 2018-2019 school year recommended a larger class size (12:1+(3:1) or 12:1:4) than she was assigned to at iHOPE, no 1:1 paraprofessional, and related services in sessions of shorter duration than she had been receiving at iHOPE. [R 0936-37].

25. The Parents disagreed with the DOE's 2018-2019 IEP recommendations and sent the DOE a Ten-Day Notice on June 21, 2018, stating that they intended to unilaterally place A.M. at the International Institute for the Brain ("iBRAIN") for the 2018-2019 extended school year. [R 0009].

26. On July 9, 2018, the Parents initiated DPC in IHO Case No. 175153 alleging that the DOE denied A.M. a FAPE for the 2018-2019 school year, specifically contesting the DOE's recommendation of a 12:1:4 classroom placement and the duration of related services sessions. [R 0044].

27. An impartial hearing on the matter convened on September 30, 2018, and ended on December 3, 2019, after 12 days of proceedings. [R 0009].

28. A.M. attended iBRAIN, a different private specialized education school also focused on educating students with brain injuries for the entire 2018-2019 extended school year. iBRAIN's IEP recommended that A.M. receive special education in an 8:1:1 setting and individual instruction in the related services of physical therapy, occupational therapy, vision education services, and hearing education services. [R 1217]. The iBRAIN IEP also recommended that speech-language therapy be provided four times per week with individual instruction and once per week in group instruction. [*Id.*].

29. A.M. did not receive vision education services ("VES") at iBRAIN at the start of the 2018-19 extended school year, which began in July 2018, because of a lack of staff at iBRAIN. [R 0013].

5

A.M. began receiving VES at iBrain on September 16, 2018, but as the director of special education at iBRAIN testified, A.M. received roughly "five or six" VES sessions over the next four weeks, rather than 12 sessions. [R 0013-14]. The director testified that this was because iBRAIN "wanted to make sure that everyone had some vision services" until a second provider began at the school. [R 0014]. The director also testified that as of June 5, 2019, iBRAIN was in the process of making up all the students' missed VES sessions and was "hopefully, very close to doing so. .. [and] anticipate[d] having all [VES] sessions made up" by the end of the school year. [R 0014].

30. On February 26, 2019, IHO Kehoe issued a pendency order which directed that pendency be found at iBRAIN for A.M.'s 2018-2019 extended school year starting on September 16, 2018. [R 0045].

31. At hearings held on March 26, 2019, and April 17, 2019, the DOE stated on the record that it did not have an affirmative Prong I case to present relative to A.M.'s 2018-19 school year. [R 0283, R 0315].

32. In an FOFD dated July 28, 2021 (IHO Case No. 175153), IHO Kehoe found that the district conceded that it failed to offer A.M. a FAPE for the 2018-19 school year. [R 0009, 0027]. IHO Kehoe also found that iBRAIN was an appropriate unilateral placement and that a balancing of equitable considerations generally weighed in favor of the Parent's request for an award of tuition reimbursement. [R 0009, 0035-37].

33. IHO Kehoe ordered that DOE provide reimbursement or direct payment to iBRAIN for the tuition and transportation costs from September 16, 2018, to the end of the 2018-19 school year. [R 0037].

34. SRO Krolak found that "the IHO also determined that it would be inequitable to order the district to fully reimburse the parent for the cost of tuition and transportation of the student at

6

iBrain for a portion of the 2018-19 school year during which some of the student's required related services (vision education services) were not fully implemented. .. As relief, the IHO ordered the district to reimburse the parent for half of the cost of the student's tuition and transportation at iBrain for the period running from July 1, 2018, through September 16, 2018, and ordered the district to fully reimburse the parents for the cost of the student's tuition and transportation at iBrain for the remainder of the 2018-19 school year." [R 0009].

35. On September 7, 2021, the Parents submitted a Request for Review seeking a review of IHO Kehoe's July 28, 2021 FOFD from the SRO. [R 0042-49].

36. In a decision dated October 28, 2021 (SRO No. 21-189), SRO Krolak determined that the evidence in the hearing record supported IHO Kehoe's findings that the DOE denied A.M. a FAPE for the 2018-19 school year and that iBrain was an appropriate placement. [R 0019].

37. SRO Krolak noted in his decision, "although I am inclined to agree with the parent to the extent that the lack of full implementation of services at iBrain does not constitute an equitable basis to reduce tuition reimbursement, I nonetheless decline to disturb the IHO's equitable reduction because, as the district asserts, there are other equitable considerations that support a reduction in reimbursement." [R 0015-16].

38. SRO Krolak found that "the parent's actions impeded the process leading up to the June 2018 CSE meeting, and that, along with the failure to provide private school progress reports and the refusal to attend the June CSE meeting itself after it was re-scheduled to meet the parent's scheduling preferences, was unreasonable." [R 0017].

39. SRO Krolak found that "since the parents selected iBrain as the unilateral placement and their financial status is at issue, it was the parents' burden of production and persuasion with respect to whether they had the financial resources to 'front' the costs of the services." [R 0018].

40. SRO Krolak held, "given the lack of information in the hearing record regarding the parents' financial resources, the IHO erred in ordering order [sic] the district to directly fund the student's tuition. Rather, an order for tuition reimbursement upon proof of payment for services delivered is the appropriate remedy, and I will modify the IHO's order to that effect below." [R 0018-19].

41. SRO Krolak ordered IHO Kehoe's July 28, 2021, FOFD be modified, reversing the portion in which he ordered the district to directly pay iBRAIN for the cost of tuition and ordering that, upon a showing of proof of payment, the district shall reimburse the Parents for 80% of the cost of A.M.'s iBRAIN tuition for the 2018-2019 school year. [R 0019].

Dated: August 5, 2022
New York, N.Y.

Respectfully submitted,
Brain Injury Rights Group, Ltd.
*Attorneys for the Plaintiffs*
By: Ashleigh C. Rousseau, Esq. [5801923]
300 East 95th Street, Suite 130
New York, New York 10128
ashleigh@pabilaw.org

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the City of New York
*Attorney for Defendant*
By: Aaron Wiener, Esq.
100 Church Street, Room 2-192
New York, New York 10007
awiener@law.nyc.gov