

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**JEFFREY S. DANTOWITZ**
*Assistant Corporation Counsel*
*Phone: (212) 356-0876*
*Email: jdantowi@law.nyc.gov*

March 29, 2023

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Maysonet, et al. v. New York City Department of Education
        22-cv-01685 (LGS) (SLC)

Dear Judge Schofield:

I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for the Defendant New York City Department of Education ("DOE") in the above referenced matter. The parties submit this joint letter pursuant to the Court's directive in the Opinion and Order issued March 16, 2023 (ECF No. 38) that the parties advise the Court how they wish to proceed regarding Plaintiffs' claim for attorneys' fees.

The parties have conferred and have identified a preliminary dispute concerning the amount to be paid to IBRAIN in satisfaction of the Court's Opinion and Order. The parties agree that this dispute should be resolved prior to addressing the matter of Plaintiffs' attorneys' fees.

**Plaintiffs' Position:**

Currently, the remaining balance owed for A.M.'s tuition at IBRAIN is **$49,820.84**, and for special transportation by Sisters Transportation is **$18,725**. Your Honor's March 16, 2023, Order states that DOE "shall pay 80% of the costs of A.M.'s placement for the 2018-2019 school year directly to iBrain." (ECF No. 38, p 13). The preceding amounts remain outstanding for A.M.'s 2018-2019 school year placement.

As **$49,820.84** remains for the Student's tuition at IBRAIN, and the DOE is responsible for paying 80% of that amount, that leaves an outstanding balance of **$39,856.67** to be paid directly to iBrain on behalf of the Parents.

Likewise, as **$18,725** remains for the Student's transportation services, and the DOE is responsible for paying 80% of that amount, that leaves an outstanding balance of **$14,980.00** to be paid directly to IBRAIN on behalf of the Parents.

It must be recognized that while the differences may not seem like much, they are to the Plaintiffs—and the Plaintiffs are liable for all outstanding amounts not paid.

DOE acknowledges its obligation to "pay 80 percent of the costs of A.M.'s placement for the 2018-19 school year." DOE calculates the amounts owed as follows:

**Tuition**: DOE alleges that based on the affidavit in the record, the total IBRAIN tuition was $239,620. 80% of this amount is $191,696. The DOE has already paid $169,730.83 in **Pendency payments** ($149,762.50 paid on 3/30/2019 and $19,968.33 paid on 7/19/2019[1]). Therefore, DOE believes that to implement the Court's Order, the DOE will directly fund iBRAIN's remaining balance of **$21,965.17**.

**Transportation**: DOE alleges that based on the affidavit in the record, the total cost of special transportation with Sisters was $89,880. 80% of this amount is $71,904.00. The DOE paid $71,155.00 in Pendency payments on 7/16/2019. Therefore, DOE believes that to implement the Court's Order, the DOE will directly fund the transportation provider's remaining balance: $749.00.

While the Plaintiffs look to the balances remaining to determine what is owed, the Defendants look to the amounts already paid to determine what is owed. With **$ 49,820.84** for tuition outstanding, DOE's 80% payment would be **$39,856.67**. Yet by calculating the amount owed, incorporating the Pendency payments that were made, it determines its remaining obligation is **$21,965.17**—$ 17, 891.59 less than 80% of the outstanding balance for tuition.

The DOE is giving itself a—$ 17, 891.59 credit—literally refunding itself part of the Pendency payments that were made—which it is not allowed to do. DOE argues that the Order directing them to pay 80% of A.M.'s placement directly to IBRAIN applies to the Pendency payments that they have made, as well as to the outstanding balance.

As detailed below, tuition reimbursement under the stay-put provision is evaluated independently from the evaluation of a claim for tuition reimbursement pursuant to the inadequacy of an IEP. What's more, once the DOE pays money to the Student's private school through Pendency, it is not entitled to recoup that money later, even if they end up winning the case.

Suppose tuition had been $200,000, and the DOE paid $200,000 in Pendency, and the final result of the administrative hearings was a 50% reduction in tuition. DOE would not be entitled to a $100,000 refund, credit, etc.

By calculating the outstanding balances in the manner, it has, DOE is, in essence, "clawing back" a portion of the Pendency payments that were made. Refunding itself part of the

---

[1] It is worth noting that DOE made the Student's Pendency payments for the 2018-2019 extended school year were made in the last months of that year, and the first month of the 2019-2020 extended school year. Pendency for 2018-2019 was paid in 2019-2020.

Pendency payments made by crediting said payments to the Plaintiffs' final award violates the IDEA's stay-put provision.

This argument is inconsistent with Pendency and the IDEA's underlying principles. The outstanding balances for A.M.'s tuition and transportation are separate and distinct from the amount paid out through Pendency, as Pendency and placement are two distinct concepts. While most of A.M.'s placement costs for the 2018-2019 school year have been paid through Pendency, Pendency payments are not the tuition award. Further, Pendency payments are not refundable.

This Court has recognized that "[a] claim for tuition reimbursement pursuant to the stay-put provision is evaluated independently from the evaluation of a claim for tuition reimbursement pursuant to the inadequacy of an IEP." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 453 (2d Cir. 2015) (internal quotation marks omitted). The Second Circuit has found the stay-put provision "to require a school district to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative *and judicial* proceedings are complete." *Araujo v. New York City Dep't of Educ.*, No. 20 CIV. 7032 (LGS), 2021 WL 1225503, at *2 (S.D.N.Y. Apr. 1, 2021); see *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 531 (2d Cir. 2020) (emphasis added).

Pendency ensures that "all handicapped children, *regardless of whether their case is meritorious or not,...* remain in their current educational placement." *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15 CV 9679 (NSR), 2018 WL 4103494, at *4 (S.D.N.Y. Aug. 28, 2018); *see Doe*, 790 F.3d at 453 (quoting *Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir.), *supplemented sub-nom. Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004)) (internal quotations omitted); *E. Z.-L. ex rel. R.L. v. New York City Dep't of Educ.*, 763 F. Supp. 2d 584, 598–99 (S.D.N.Y. 2011), *aff'd sub-nom. R.E. v. New York City Dep't of Educ.*, 694 F.3d 167 (2d Cir. 2012).

Once the district pays money to the Student's private school through Pendency, they are not entitled to later recoup that money, even if they win the case. *See, E. Z.-L. ex rel. R.L.*, 763 F. Supp. 2d 584. The Order stating DOE must pay 80% of A.M.'s placement directly to IBRAIN does not apply to Pendency payments—Payments already made, for that matter. The Defendants are not entitled to reach back to their Pendency payments and use them as a credit to reduce the amount they owe relative to the Plaintiff's final educational award.

To be sure, Second Circuit case law makes clear that "a final determination in the school district's favor on the issue of FAPE does not alter the school district's financial responsibility for maintaining the student's Pendency placement reasoning that to hold otherwise would render the Pendency provisions meaningless." *New York City Dep't of Ed. v. S.S.*, No. 09 Civ. 810, 2010 U.S. Dist. LEXIS 25133, *3-17 (S.D.N.Y. March 17, 2010). This sentiment was further indirectly upheld by the Second Circuit in *Doe*, 790 F.3d 440, where the Court found that the award was calculated to undermine the stay-put provision by giving the agency an incentive to ignore the stay-put obligation.

In *R.S. v. New York City Dep't of Educ.*, Judge Oetken made clear in *R.S.* that the "financial burden of pendent placement... [should] not be borne by parents whose position has been vindicated by [the IDEA decision]." *R.S. v. New York City Dep't of Educ.*, No. 21-CV-2257 (JPO), 2022 WL 902671, at *2 (S.D.N.Y. Mar. 28, 2022).

3

Defendants should not be entitled to a "credit" for those funds paid through the IDEA's Pendency Provision. The nature of 20 U.S.C. § 1415(j), the IDEA's Pendency Provision, mandates that Defendants were to maintain A.M.'s placement throughout the underlying proceedings. Allowing Defendants to "reach back" and claim those funds as part of A.M.'s "award" undermines the precedent in this jurisdiction that Pendency and placement are separate. *See Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 908 (2d Cir. 1982) (in the context of the "stay-put" provision, "[p]ayment and placement are two different matters.").

Therefore, Your Honor's Order should not apply to the Pendency payments that DOE made, as Pendency is a separate issue from placement costs. The Plaintiffs thank the Court for its continued attention and courtesies herein.

**<u>Defendants' Position:</u>**

Plaintiffs' argument should be rejected as it is contrary to the Court's ruling. As set forth in the Opinion and Order, the Court upheld the 20% reduction "for a full year of tuition and costs." (ECF No. 38 at 6). Consequently, the Court directed, "Defendant shall pay 80% of the costs of A.M.'s placement for the 2018-2019 school year directly to IBrain." *Id.* at 13. Thus, it is clear from the plain language of the Order that the 80% reduction applies to the tuition and transportation *for the entire school year*, not just the period from July 9-September 16, 2018. Prior to the issuance of the Opinion and Order, however, Defendants already made payments covering these costs incurred from September 16, 2018 through the end of the 2018-19 school year. In calculating the amount now owing, Defendants maintain that these amounts are subject to a 20% reduction.

Plaintiffs argue that Defendants' payments for tuition and transportation from September 16, 2018 through the end of the 2018-19 school year were made by reason of the student's *Pendency*, but that the administrative hearing giving rise to this action concerned the student's *placement* at IBRAIN. This, however, is a distinction without a difference. While Pendency entitled the student to remain at IBRAIN during the 2018-19 school year during the course of the administrative proceeding, this has no bearing whatsoever on the costs associated with his attendance at IBRAIN during that time (that is, the tuition and transportation costs remained the same, regardless of whether the student was attending as a result of Pendency or a placement).

The cases cited by Plaintiffs are similarly unavailing. While those cases discuss a student's rights to Pendency and the school district's general obligation to fund the Pendency, nowhere do they discuss the specific costs involved, particularly when those costs are modified by an SRO order. And, although Plaintiffs argue that they should not bear the financial burden of the calculation, this is precisely what the SRO and this Court envisioned when it determined to reduce DOE's financial obligation by 20%. *See Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15 (1993) (parents who unilaterally enroll their child in a private school and later seek to recover tuition costs through an administrative proceeding do so at their own financial risk).

Moreover, the Court upheld the 20% reduction based on its finding that Plaintiffs' lack of cooperation in formulating the student's IEP for the 2018-19 school year was unreasonable. The idea that the 20% reduction should be limited to a 2-month period is not only wholly absent from the Court's Order, it is illogical as the Plaintiffs' lack of cooperation in formulating the IEP

4

impacted the entire 2018-19 school year, not just those two months. Thus, restricting the 20% reduction would blunt the impact of the Court's finding and wholly undermine the basis for the Court's ruling.

Accordingly, Defendants respectfully submit that the following amounts are now owed:

- Tuition: Based on the affidavit of William K. Noel (IBRAIN's Director of Operations) submitted in the administrative proceeding, the total tuition for the student's attendance at IBRAIN for the 2018-19 school year was $239,620. 80% of this amount is $191,696. The DOE already has paid $169,730.83 in Pendency payments on account of tuition owing from September 16, 2018 through the end of the school year ($149,762.50 paid on March 30, 2019 and $19,968.33 paid on July 19, 2019). Therefore, Defendants submit that the remaining balance owing to be paid directly to IBRAIN is $21,965.17.

- Transportation: Based on the affidavit of Lisollete Saddler (Account Manager for Sisters Travel and Transportation Services LLC) submitted in the administrative proceeding, the total transportation costs for the 2018-19 school year for the student was $89,880. 80% of this amount is $71,904.00. The DOE paid $71,155.00 in Pendency payments on July 16, 2019. Therefore, Defendants submit that the remaining balance owing to the transportation provider is $749.00.

The parties jointly propose that Your Honor resolve this dispute, and that they be permitted to file a subsequent letter one week after the Court's determination in which they will propose how to proceed on Plaintiffs' claim for attorneys' fees.

Thank you for your attention to this matter.

Respectfully,

/s/ Jeffrey S. Dantowitz

Jeffrey S. Dantowitz
Assistant Corporation Counsel

cc:  All counsel of record
        (by ECF)